

08CV3983
JUDGE SHADUR
MAG. JUDGE MASON

**FILED**

ᴸᶜᵂ

JUL 1 4 2008
JUL 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

age 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | | District No. District of Illinois | |
|---|---|---|---|
| Name (under which you were convicted): Edward Thomas Jung | | | Docket or Case No.: 03-CR-172 |
| Place of Confinement: FEDERAL PRISON CAMP, OXFORD WISC. | | Prisoner No.: 1582-424 | |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) | |
| v. | | EDWARD THOMAS JUNG | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court - Northern District of Illinois
   Eastern Division

   (b) Criminal docket or case number (if you know): ___ 03-CR-172 ___

2. (a) Date of the judgment of conviction (if you know): _____
   February 5, 2004

   (b) Date of sentencing: ___ May 25, 2005 ___

3. Length of sentence: ___ 109 Months ___

4. Nature of crime (all counts): _____
   1-8 Wire Fraud
   9-10 Securities Fraud
   _____
   _____
   _____

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☒         (2)  Guilty ☐         (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____
   _____
   N/A
   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: United States Court of Appeals - Seventh Circuit

   (b) Docket or case number (if you know): 05-3718

   (c) Result: Error in admitting Jung's lawyer's testimony. However, harmless error.

   (d) Date of result (if you know): January 18, 2007

   (e) Citation to the case (if you know): 473 F 3d 837 (7th Cir. 2007)

   (f) Grounds raised: Whether the court committed error in admitting statements attributed to Jung's former attorney. 2) An improper application of the United States Sentencing Guidelines.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know): 07-5890

   (2) Result: Denied

   (3) Date of result (if you know): October 1, 2007

   (4) Citation to the case (if you know): _____

   (5) Grounds raised: 1) The district court's error was not harmless; the error was sufficently prejudicial such that Jung could not receive a fair trial. The error created prejudice against Jung such that a "impartial jury" was impossible. 2) The district court violated the Sixth Amendment by enhancements of three times the jury findings.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

   Yes ☒   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: United States Court of Appeals.- Seventh Circuit

   (2) Docket or case number (if you know): 05-3718

   (3) Date of filing (if you know): _____

(4) Nature of the proceeding: Petition for rehearing en banc

(5) Grounds raised: 1) The error was not harmless; This decision required the appellate court to step into the jury's shoes and perform the jury's evaluation duty, a role constitutionaly reserved for the jury alone. 2) The court improperly calculated the Guidelines range.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑ No ❑X

(7) Result: _____ Denied

(8) Date of result (if you know): _____ March 12, 2007

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: United States Supreme Court

(2) Docket or case number (if you know): 07-5890

(3) Date of filing (if you know): October 25, 2007

(4) Nature of the proceeding: Rehearing of Writ of Certiorari

(5) Grounds raised: The error was not harmless; it would be impossible to say that the error did not prejudice the jury. Consequently, Jung was not able to receive a "fair and impartial" trial by the jury, which was his constitutional right.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑ No ❑X

(7) Result: _____ Denied

(8) Date of result (if you know): _____ January 7, 2008

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❑ No ❑X

(2) Second petition:    Yes ❑ No ❑X

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

    I was unaware of any possible further action

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    Please see additional pages:  Ground One

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

        Legal counsel made no such argument

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND TWO: The sentencing judge, who was not the trial judge, was not
in the best position to consider the history and characteristics of
the defendant.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see additional pages: Ground Two

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: _____

                 Legal counsel made no such argument

    _____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: Testimony at trial exhibited the extensive level of cooperation extended by the defendant.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

Please see additional pages:  Ground Three

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: _____

Legal counsel made no such argument

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND FOUR:   Ground Four and Five please see below.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    Ground Four: The sentence was "greater than necessary" given the defendant's personal history, post-offense conduct and community involvement.

    Ground Five: The enhancement for jeopardizing a financial institution was excessive given the facts and circumstances of the case.

    Please see additional pages: Ground Four and Five.

_____

(b) **Direct Appeal of Ground Four:** and five

   (1) If you appealed from the judgment of conviction, did you raise this issue?

     Yes ☐ No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: _____

       Legal counsel made no such argument

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

     Yes ☐ No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   (3) Did you receive a hearing on your motion, petition, or application?

     Yes ☐ No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

     Yes ☐ No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

     Yes ☐ No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

   Counts 1-10 were for the same crime, consequently

   the sentence should have been served concurrently.

   By splitting the counts, the statutory maximum was

   doubled. Counsel did not make this argument.

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ Thomas Puccio

     120 Park Ave.  New York, New York

(b) At arraignment and plea: _____ Thomas Puccio

     120 Park Ave.  New York, New York

(c) At trial: _____ Thomas Puccio

     120 Park Ave.  New York, New York

(d) At sentencing: _____ Thomas Puccio

     120 Park Ave.  New York, New York

(e) On appeal: _____ Greg Poe _____

1801 K Street, N.W. Suit 411  Washington D.C.  20006

(f) In any post-conviction proceeding: _____ Edward Thomas Jung,  Pro Se ____

_____ Oxford Wisconsin   Federal Prison Camp _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____ Edward Thomas Jung,  Pro Se _____

_____ Oxford Wisconsin   Federal Prison Camp _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?       Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
    must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
    bar your motion.*

N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period
    shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
        violation of the Constitution or laws of the United States is removed, if the movant was
        prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
        that right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
        discovered through the exercise of due diligence.

Page 14

Defendant asks the trial court, presided over by the Honorable Judge Joan H.
Therefore, movant asks that the Court grant the following relief:
Lefko, to review the facts and circumstances set forth herein and to correct
or modify the sentence of the defendant, and/or if the court deems necessary,
to conduct an evidentuary hearing on the matter,
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ___JULY 9___

___2008___ (month, date, year).

Executed (signed) on ___JULY 9, 2008___ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not

signing this motion._____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
* * * * *

Ground One:   Ineffective Assistance of Counsel

During trial, the judge ruled against the admission of an audit done by an accountant for members of Strategic Income Fund (SIF) on the trading done in the group's trading account JY8. The other principal for the Fund from Atlanta, Hollis Lamon, referenced this audit in his testimony when he stated that, "There has been a lot of forensic accounting done and apparently in Strategic Income Fund Tom was a very good trader, and I do believe that that was the correct amount that was made on my account." (Tr. pp 415) This trading in the JY8 account was a critical element in the prosecution's attack on defendant's credibility. Defendant's attorney did not challenge this, and/or pursue an investigation into this very important aspect of the case, and as a result damaged any hope of convincing the jury of the credibility of the financial statements.

Also during trial, defendant's attorney failed to properly challenge the jury instructions whereby he was not allowed to rely on his then accountant and lawyer. Defendant was involved with both of these individuals for over 10 years and had participated with them in a previous partnership, similar to Strategic Income Fund. Both of these individuals helped structure the SIF LLC, and had put together the Private Placement Memorandum along with the Operating Agreement. Defendant's accountant testified that defendant did not instruct him on the manner of presenting the financial documents of the business. The accountant further stated that he structured the financial statements the way that he did based on a meeting he had, without the defendant present, at the start of the partnership with the Atlanta lawyer, Fred Isaf, and Hollis Lamon.

(15)

<u>Ground One</u>:    Continued

In addition, defendant's counsel failed to file a Defendant's Objection/Response to the Presentence Investigation Report thereby failing to raise issues and contest facts presented in the report. As an example, in the PSR the government stated in the Government's Version of the Offense the following, "The defendant caused to be prepared and filed... false and misleading required reports about ETJ Partners and its relationship to the Fund. The defendant falsely represented in these reports that ETJ owned all the securities in its account and that ETJ did not carry customer accounts. In fact, the defendant knew that most of the securities in ETJ's account belonged to investors in the Fund that the Fund was its customer." (PSR pp3) This statement goes to the heart of the defendant's case and concerns defendant's personal intent and actions. After reading the above, the sentencing judge could only assume that defendant had knowingly mislead the regulators and investors. The trial judge herself disputed the above assertion when she stated during trial, "...the rules do not permit market-makers, such as the defendant, to have customers, which I think everybody agrees with too. And that the only relationship SIF could have with the defendant's broker-dealer was as an investor or limited partner." (Tr. 1222) Along with the above there was ample testimony regarding the rules and proceedures of the Chicago Board Option Exchange and nowhere were the stocks considered anything but part of the broker-dealer;

(16)

Ground One:    Continued

nor was there any testimony that the defendant mislead the investors
to think they were customers, to the contrary, in the Private
Placement Memorandum, in bold print, on page 17, it stated,
"ACCOUNTS NOT SEGREGATED OR INSURED".

The government's incorrect statement, to a judge who was not
familiar with the case, could only lead him to a conclusion about
defendant's intent that was not substantiated by the record. By not
contesting such incorrect statements of the government it left an
unfavorable impression of the circumstances and defendant's
character in the case.

Considering that defendant was sentenced by a judge who was
not his trial judge, counsel did not adequately raise any of
defendant's sentencing issues; did not present an adequate argument
or testimony at defendant's sentencing hearing to raise mitigating
factors; failed to raise defendant's alcohol dependancy issues,
developed after his PSR, thus depriving defendant of the necessary
drug and alcohol classes, programs and incentives offered by the
Bureau of Prisons; failed to challenge issues in the PSR that
could have made the sentencing judge more fully informed as to the
totality of defendant's case as presented before the trial judge;
nor did counsel make appropriate arguments for a more just sentence
under the Guidelines given the facts and circumstances of
defendant's case.

(17)

Ground One:    Continued

Most significantly, because the Guidelines are no longer
mandatory, but merely advisory under Booker and it's progeny, the
totality of the defendant's life is an important sentencing
consideration. The lack of a defendant's version in the PSR
deprived Judge Shadur, who was not at the trial, of all the
important insights and understandings of the nature of the offense
and defendant's personal history and characteristics pertinent
to his decision.

(18)

**Ground Two:**    The sentencing judge, who was not defendant's trial judge, was not in the best position to consider the nature and circumstances of the offense, and the history and characteristics of the defendant.

The Honorable Judge Joan H. Lefko was the judge for defendant's trial that was completed on February 4, 2004. However, it was not until May 25, 2005 that defendant was ultimately sentenced by Judge Milton Shadur. With all due respect to Judge Shadur, it was impossible for him to view the totality of defendant's case from his perspective. He acknowledged this in a statement he made during sentencing, "I have ruled the way that I did based on what I was able to glean, although I was dealing with this as you know second-hand." (GA7) A Webster's Dictionary definition of "glean" is "To find out in a superficial way or gain a cursory knowledge."

The sentencing judge, thus may have been unaware of issues raised at trial in mitigation of defendant's sentence. Such as: defendant derived no personal gain, in fact, defendant and his wife lost over $640,000 during the course of events; that the Fund's lawyer from Atlanta was the one who, from the accountant's own testimony, instructed the accountant how to treat the financial relationship between the Fund and the ETJ broker-dealer, particularly with regards to the financial statements he produced for the Fund; and the scope and responsibilities of these same principals regarding their previous partnership. None of the above is an attempt to dispute the verdict of the jury, rather to illustrate details developed at trial that point to unique circumstances of defendant's case, and particularly regarding defendant's level of mens rea.

(19)

<u>Ground Two:</u>    Continued

The recent Supreme Court case of <u>Gall vs. United States</u>, 552 U.S. (2007) addressed the enhanced perception garnered by the trial judge who is also the sentencing judge in the following quote, "The sentencing judge is in a superior position to find facts and judge their import under §3553(a) in the individual case. The judge sees and hears evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record."

An evaluation of defendant's §3553(a) factors, particulary now when the judge is no longer constrained by the Guidelines, is too critical to be gleaned from the record through a "secondhand" perspective. Defendant respectfully argues that the trial judge is in the best position to review defendant's §2255 motion.

(20)

<u>Ground Three</u>:    Testimony at trial exhibited the extensive level of cooperation extended by the defendant:


Several issues at trial exhibited defendant's level of cooperation. In fact, defendant's Affidavit and Bankruptcy Stipulation, which the prosecution used as a confession, were actually a result of his effort to assist the investors. These documents were produced 4 years prior to the indictment, were drawn up by the investor's lawyer, Steve Senderwitz, in the context of their lawsuit against the clearing firm, LIT, and had no relationship to any criminal declaration. The Affidavit statement used by the prosecution was in reference to an issue regarding the investors relationship as a limited partner or customer. The investors eventually droped this line of thinking because, as is pointed out later, there were no customers of the broker-dealer. The Bankruptcy Stipulation defendant signed, on advice of his lawyer, was to help the investors define their losses for their lawsuit. Unfortunatly, defendant's initial lawyer, who was not a criminal lawyer, did not realize this effort would be taken out of its civil context.

Defendant's first lawyer in 1998 was James Fox, a civil not criminal attorney. Defendant's initial effort was directed toward facilitating the unwinding of matters involved between the broker-dealer, ETJ, and Strategic Income Fund. In addition to the above, during the 4 1/2 years prior to defendant's indictment, defendant had 2 recorded interviews with the Chicago Board Option Exchange, 2 interviews and a deposition

(21)

<u>Ground Three</u>:    Continued

with the Securities and Exchange Commission, 2 interviews with the
FBI, two days of depositions relating to the bankruptcy of the
broker-dealer and defendant, and "15-20 meetings" with the investor's
attorneys. Defendant was always forthcomming and never refused to
answer any questions put to him.

    Defendant does not believe this unpresidented level of cooperation
was reflected in a middle of the Guidelines range sentence; it would
seem that a bottom of the range sentence would be considered given
defendant's extensive level of cooperation with all entities involved.

    This level of cooperation also goes to defendant's acceptance of
responsibility. The Affidavit and Bankruptcy Stipulation that
defendant signed 4 years before his indictment was done to ease the
resolution of issues involving the investors. It can be seen that
defendant had made it incumbent upon himself to do what he could to
expedite the settlement of the issues that he may have caused.

(22)

<u>Ground Four:</u>    The sentence was "greater than necessary" given
the defendant's personal history, early cooperation, post offense
conduct and community involvement:


The admonition of the Guidelines to give a sentence that is
not "greater than necessary" lends itself to a fair yet compassionate
interpretation of the sentencing process. Defendant believes the
totality of the penalty he received was excessive; encompassing
4 1/2 years of investigation before indictment, 2 1/2 years for trial
and sentencing, a 9 year prison sentence, 3 years of supervised
release and, overshadowing all this, a 21 million dollar restitution
order. At age 63 there appears no hope that he will be able to recover
from this and certainly has no realistic chance of fully paying his
restitution or anything close to it.

Up until this incident, and for the post-offense 7 years until
his incarceration, defendant led a law-abiding life. He had worked as
a "Home Work Helper" at the Near North Public Library helping
children from Cabrini Green with schoolwork; helped establish a
cleaning company in Ft. Myers, Florida that employed people from
the local churches and community; and worked with mentally challenged
children with "Baseball Legends" program in Orlando, Florida. During
his 33 months of incarceration at the Federal Prison Camp at Oxford,
he has been an English teacher and is now head of the camp's
education department. Defendant is also working closely with the camp

(23)

<u>Ground Four:</u>    Continued

administration to preliminarily coordinate the Second Chance Act
with the camp's pre-release program. Upon his release he would like
to continue his effort as a post-release mentor to recently
released inmates.

In defendant's case, with a statutory maximum of 120 months, he
received a sentence of 109 months or 91% of the maximum allowed.
Defendant feels that for a first time criminal offense, where
defendant and his wife also lost $640,000 in the course of events,
where the level of conduct and cooperation, post-offense for 7 years,
was without incident and productive to society, and where no one
concluded that defendant was a future threat to society; that all the
above would seem to have made defendant's current sentence one that
was greater than necessary.

(24)

<u>Ground Five:</u>    The enhancement for jeopardizing a financial
institution was excessive given the facts and circumstances of the case:


    Defendant's sentence included a 4 point level enhancement for
jeopardizing a financial institution taking him from an offense level
of 26 to 30; with ranges 63-78 and 97-121, respectively. Taking the
mid-point range of both, defendant would have been sentenced to 71
months instead of 109 months if not for this enhancement. This
enhancement ends up adding 38 months, fully 1/3 of my total sentence.

    Can it be the intent of the United States Sentencing Commission
to include a company, such as defendant was involved with, in it's
meaning of an "institution" as set forth in the Guidelines? A company
that was exempt from registration under the Investment Company Act
because it was beneficially owned by less than 100 people; made no
public offerings of it's interest; nor was it required to report to any
regulatory agency. The company was a small, private, non-public
membership group.

    In addition, the financial scale of the offense had already
been considered in the 16 point enhancement for monies lost. Defendant
would hope a sense of proportionality relative to this enhancement
is in order. The full impact of this enhancement seems to be
excessive relative to the structure of the entity.




                                (25)