UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD THOMAS JUNG, ) | |
| ) | |
| Petitioner ) | |
| ) | No. 08 C 3983 |
| vs. ) | |
| ) | Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## OPINION AND ORDER

Petitioner Edward Thomas Jung ("Jung") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He challenges the 109-month sentence imposed for his conviction on eight counts of wire fraud and two counts of securities fraud. In his petition, Jung seeks to have his sentence corrected on five grounds: (1) constitutionally ineffective assistance of counsel at trial and sentencing; (2) the sentencing judge was not in the best position to consider Jung's history and characteristics and the nature and circumstances of the offense when imposing Jung's sentence because he was not the trial judge; (3) the sentence imposed did not reflect Jung's extensive level of cooperation; (4) the sentence was greater than necessary given Jung's personal history, early cooperation, post-offense conduct, and community involvement; and (5) the enhancement for jeopardizing a financial institution in calculating the applicable sentencing guidelines range was excessive given the facts and circumstances of the case. Jung requests an evidentiary hearing if the court deems one necessary. For the following reasons, Jung's petition is denied.

## BACKGROUND

On February 18, 2003, a grand jury returned a ten-count indictment against Jung, charging that he had defrauded investors in the Strategic Income Fund, LLC ("SIF") by falsely representing that their pledged assets would be used solely to collateralize trading on their behalf. Jung pled not guilty and proceeded to trial, which began on January 13, 2004. On February 5, 2004, the jury returned a guilty verdict on all counts. Defendants requested that sentencing be continued several times. While Jung was awaiting sentencing, the case was reassigned to Judge Milton I. Shadur because the assigned judge was on a leave of absence from the court. A sentencing hearing was held in front of Judge Shadur on May 25, 2005. Judge Shadur determined that a midpoint guidelines sentence of 109 months was appropriate. He denied bond pending appeal on July 12, 2005, finding that the conditions for bond were not met. A final sentencing hearing was held on August 31, 2005, at which time a commitment order was entered.

Jung timely filed a notice of appeal on September 1, 2005, attacking both his conviction and sentence. On appeal, Jung challenged (1) the admission of his former attorney's statements as party admissions at trial, and (2) the district court's consideration of the sentencing factors under 18 U.S.C. § 3553(a). *United States* v. *Jung*, 473 F.3d 837, 841 (7th Cir. 2007). The Seventh Circuit agreed that the admission of Jung's former attorney's statements was improper, but concluded that the district court's error was harmless. *Id.* at 841–43. The Seventh Circuit also concluded that Jung's sentence was reasonable "[b]ecause the district court considered and adequately discussed the factors in § 3553(a), chose a sentence within the advisory range of the 1997 Guidelines, and adequately explained the reasoning for sentencing Jung to the midpoint of the sentencing range." *Id.* at 845. Jung's petition for a rehearing and suggestion of a rehearing

en banc was denied on March 12, 2007. Jung then filed a petition for certiorari with the United States Supreme Court, which was denied on October 1, 2007. His request for a rehearing was denied on January 7, 2008. Subsequently, on July 9, 2008, Jung filed this timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**DISCUSSION**

Relief under § 2255 "is reserved for extraordinary circumstances." *United States* v. *Hays*, 397 F.3d 564, 566 (7th Cir. 2005) (citations and internal quotation marks omitted). A district court must grant a § 2255 motion to vacate, set aside, or correct a sentence when the petitioner establishes "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id*. at 566–67 (citations and internal quotation marks omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Cooper* v. *United States*, 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing).

On a § 2255 motion, the district court may not reconsider issues that were raised on direct appeal absent changed circumstances. *Varela* v. *United States*, 481 F.3d 932, 935 (7th Cir. 2007) ("A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" (quoting *McCleese* v. *United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Claims that were not raised on direct appeal are procedurally defaulted absent a showing of cause and prejudice or actual innocence. *Torzala* v. *United States*, 545 F.3d 517, 522 (7th Cir. 2008) (citing *Bousley* v. *United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). The Supreme

3

Court has held, however, that ineffective assistance of counsel claims not raised on direct appeal are not subject to the cause and prejudice rule. *Massaro* v. *United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

I.      **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland* v. *Washington,* 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner "bears a heavy burden in establishing an ineffective assistance of counsel claim," *United States* v. *Trevino*, 600 F.3d 333, 338 (7th Cir. 1995), particularly since the *Strickland* test "is highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States* v. *Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (internal quotation marks omitted).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the court to specific acts or omissions of his counsel. *Fountain* v. *United States,* 211 F.3d 429, 434 (7th Cir. 2000) (citing *Trevino,* 60 F.3d at 338). The court must then consider whether, in light of all of the circumstances, counsel's performance was outside the range of professionally competent assistance. *Id.* Counsel's performance must be evaluated while remembering that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A court need not address

4

both prongs of the *Strickland* test if one provides the answer; that is, if a court determines that the alleged deficiency did not prejudice the defendant, the court need not consider the first prong. *United States* v. *Fudge*, 325 F.3d 910, 924 (7th Cir. 2003) (citing *Matheney* v. *Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001)).

Jung identifies three instances that he claims demonstrate that he did not receive effective assistance at trial and sentencing: (1) failure to challenge the exclusion of an audit done of SIF's trading account, (2) failure to properly challenge the omission of a jury instruction on reliance on professionals, and (3) failure to file an objection and response to the presentence investigation report and raise other arguments that would have led the sentencing judge to impose a more just sentence.

Jung, however, fails to recognize that his counsel did in fact do the second and third things he claims they failed to, precluding him from arguing ineffective assistance on these grounds. Counsel submitted a proposed jury instruction on reliance on professionals, *see* Def.'s Second Set of Proposed Jury Instructions, R. 55, and argued extensively for this instruction. *See* Trial Tr. 2146–50. His challenge to the court's decision to give it in only modified form was recognized by the court when it prevented him from further argument on the issue, noting that he had made his point. *See id.* at 2154:19–21 ("Mr. Puccio: If I may, your Honor. / The Court: Well, no, you may not. You have argued this and I just want to go ahead."). Jung's counsel continued to challenge this court's decision on the issue, stating that refusal to instruct the jury on the issue of reliance on professionals was a potential issue for appeal. *See* Letter from Thomas P. Puccio to Judge Milton Shadur (June 3, 2005) at 2, 9–10, R. 109. Further, although Jung claims that counsel failed to file objections to the presentence report and a defendant's version of the offense, allegedly leaving Judge Shadur with an incorrect assessment of the case,

5

Jung's counsel actually filed a statement of the case for the court to consider at sentencing and objected at length to the presentence report during the sentencing hearing. *See* Def. Jung's Statement of the Case, R. 95; Sentencing Hr'g Tr. 6–7, 19–30, May 25, 2005. Counsel also filed two rounds of comments on the applicable guidelines calculations and a response to the government's answer to Jung's comments. *See* Def.'s Comments on Applicable Sentencing Guidelines, R. 80; Def.'s Further Comments on Applicable Sentencing Guidelines, R. 88; Def.'s Reply to Government's Ans. to Def.'s Comments on Sentencing, R. 94. These documents raised various arguments regarding the applicability of specific guideline provisions and § 3553(a) considerations, as did counsel's presentation at the sentencing hearing. The Seventh Circuit, in affirming the sentence imposed, noted that, at the sentencing hearing, "Jung's attorney discussed Jung's record of charitable works, letters that were written on Jung's behalf, and Jung's exemplary life. Jung's attorney also emphasized Jung's cooperation with government agencies, the [Chicago Board Options Exchange], and SIF's investors in their lawsuit against LIT [Clearing Services, Inc.]." *Jung*, 473 F.3d at 844.

Jung's first identified ground for ineffective assistance fails as well. While counsel may not have challenged the court's decision to exclude an audit done for SIF members to the extent Jung would have liked, counsel did go to great lengths in attempting to convince the jury that the financial statements provided to SIF members were credible. Counsel was allowed to decide how it would present Jung's case and the court will not second guess his professional judgment. *See Strickland*, 466 U.S. at 689; *Williams*, 106 F.3d at 1367. Regardless, even if the court were to find counsel's performance deficient under the first prong of *Strickland*, Jung cannot demonstrate prejudice. Hollis Lamon, Jung's partner in SIF, testified that forensic accounting showed that Jung was a good trader and that the amounts stated in the financial statements

6

correctly reflected the amounts actually made. Trial Tr. 939. Similar testimony was also elicited by Jung's counsel, inviting the jury to judge the evidence regarding the accuracy of the financial statements provided to SIF members. Further, the Seventh Circuit found the evidence against Jung to have been "overwhelming." *Jung*, 473 F.3d at 843. Thus, Jung cannot establish that, but for counsel's actions regarding the excluded audit, the jury's verdict would have been different. Because Jung has not identified any omission of his counsel either supported by the record or that caused him prejudice, he has not established that he was deprived of effective assistance of counsel.

## II. The Sentencing Judge Was Not in the Best Position to Consider the Offense and Jung's History and Characteristics in Imposing a Sentence

Jung argues that, in receiving his sentence, he was prejudiced by the fact that the sentencing judge had not presided over his trial. This, he claims, meant that the sentencing judge was unable to properly evaluate the totality of Jung's case and account for issues that were raised at trial that might have mitigated his actions. Jung points to *Gall* v. *United States* as support for his contention that his sentence should be modified by this court because, unlike the sentencing judge, it has "see[n] and hear[d] the evidence, [made] credibility determinations, has full knowledge of the facts and [has] gain[ed] insights not conveyed by the record." 552 U.S. 38, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). Jung's reliance on *Gall*, however, is unpersuasive, as *Gall* holds that appellate courts must review a sentence under an abuse of discretion standard regardless of whether the sentence is inside or outside the guidelines range but does not hold or state in dicta that the sentencing judge must also be the trial judge. *See id.* While it would have been preferable for the trial judge to sentence Jung, he cannot now be heard to complain of this fact when his sentencing was reset at least four times at his request before the case was reassigned to Judge Shadur. *See* R. 71; R. 81; R. 83; R. 85. Further, the record does

7

not indicate that Judge Shadur took his role as the sentencing judge lightly; in fact, it demonstrates that he spent a considerable amount of time considering the issues raised by the parties and the nature and circumstances of the offense. Although he did note that he was dealing with the case "secondhand," Hr'g Tr. 5:18, Aug. 31, 2005, he acknowledged having "received substantial input from counsel for [Jung] and for the government to supplement the thorough presentence investigation report" and heard the parties during an extensive hearing before imposing a sentence. Mem. Op. & Order of July 12, 2005 at 1, R. 100.

On direct appeal, Jung argued that the court did not properly consider the § 3553(a) factors, including the issues Jung raises in this § 2255 motion. The Seventh Circuit explicitly found that Judge Shadur had considered Jung's history and characteristics in determining his sentence. *Jung*, 473 F.3d at 844. As Jung is procedurally barred from relitigating Judge Shadur's sentencing decision with respect to mitigating factors and cannot attack his sentence based solely on the fact that the sentencing judge did not preside over his trial, this ground fails.

## III.     Jung's Sentence Did Not Reflect His Cooperation

Jung's argument that his sentence should be modified because Judge Shadur did not account for his level of cooperation with authorities and other entities involved is procedurally barred. Jung argued on appeal that his sentence should be vacated because Judge Shadur did not properly consider the § 3553(a) factors. The Seventh Circuit noted, however, that counsel "emphasized Jung's cooperation" and that Judge Shadur properly considered "Jung's recognition of causing the loss and efforts to be helpful with" his former attorney in sentencing Jung to the midpoint of the guidelines sentencing range. *Jung*, 473 F.3d at 844. Jung has not presented the court with any changed circumstances warranting reconsideration of this issue and so the court will not do so. *See Varela*, 481 F.3d at 935.

8

## IV. Jung's Sentence Was Greater than Necessary

As with the previous claim, this claim is procedurally barred because it was raised and decided on direct appeal. In its decision, the Seventh Circuit stated that "Jung's final argument is that the court failed to consider Congress' preeminent command that a sentencing court 'shall impose a sentence sufficient, but not greater than necessary' to comply with 18 U.S.C. § 3553(a)(2)." *Jung*, 473 F.3d at 844–45. It then concluded that Jung's sentence was reasonable in light of the district court's consideration of the § 3553(a) factors and explanation of its sentencing decision. *Id.* at 845. Jung notes in his petition that his conduct while incarcerated demonstrates that his sentence is greater than necessary, but such subsequent good behavior does not warrant modification of Jung's sentence. As Jung has not identified any cognizable changed circumstances, the court will decline to reconsider this issue.

## V. The Enhancement for Jeopardizing a Financial Institution was Excessive

Jung argues that his guidelines range was improperly calculated because the court included a four point enhancement for jeopardizing a financial institution even though SIF is not, Jung contends, a financial institution. "Allegations that the district judge misapplied the sentencing guidelines are not reviewable under § 2255." *United States* v. *Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (citing *Scott* v. *United States*, 997 F.2d 340 (7th Cir. 1993)). Thus, the court will not consider this ground.

## VI. Evidentiary Hearing

Jung has "failed to offer the district court any objective facts outside the trial record that would warrant an evidentiary hearing." *Cooper*, 378 F.3d at 641. Further, his petition, the government's response, and the record in the case have conclusively demonstrated that Jung is not entitled to any relief under § 2255. As such, he is not entitled to an evidentiary hearing.

## **CONCLUSION AND ORDER**

For the foregoing reasons, Jung's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby denied.


Dated: Oct. 26, 2009          Enter: _____

                                            JOAN HUMPHREY LEFKOW
                                            United States District Judge